UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTROWN T. SIMS, | ) | Case No.: 1:19CV118 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| HAROLD MAY, WARDEN[1], | ) | |
| | ) | Report and Recommendation of |
| Respondent. | ) | Magistrate Judge |

This matter is before the undersigned on a motion by Respondent, Warden of the Richland Correctional Institution in Mansfield, Ohio ("Respondent") to dismiss the 28 U.S.C. § 2254 federal habeas corpus petition filed by Petitioner Antrown T. Sims ("Petitioner").  ECF Dkt. #5. Respondent moves to dismiss Petitioner's § 2254 federal habeas corpus petition as time-barred and as containing a sole ground for relief that is not cognizable before this Court.  *Id.*  For the following reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's

§ 2254 federal habeas corpus petition as untimely and dismiss the petition in its entirety with prejudice.  ECF Dkt. #5.

## I.    STATE COURT AND PRIOR FEDERAL PROCEDURAL HISTORIES

On March 21, 1991, the Cuyahoga County Grand Jury issued an indictment in Case number CR-260884 charging  Petitioner with: breaking and entering in violation of Ohio Revised Code ("ORC") § 2911.13; attempted theft in violation of ORC § 2913.02/2923.02; and possession of criminal tools in violation of ORC § 2923.24. ECF Dkt. #5-1 ("Tr.") at 4-6.  On June 18, 1991, Petitioner was indicted by the Cuyahoga County Grand Jury in Case number CR-266795 for aggravated robbery in violation of ORC § 2911.01 with a firearm specification.  *Id.* at 7.  On September 16, 1991, a Cuyahoga County Grand Jury indicted Petitioner in Case Number

---

[1]  Harold May is now the Warden at the Richland Correctional Institution, where Petitioner is incarcerated.  ECF Dkt. #8-1 at 1; *see also* https://www.drc.ohio.gov/rici.  Accordingly, Warden Harold May is the proper Respondent in this case and the docket should reflect this.

CR-269917 for felonious assault in violation of ORC § 2903.11 with a firearm specification and violence specification and one count of aggravated robbery in violation of ORC § 2911.01 with a firearm specification.  *Id*. at 8.   The Cuyahoga County Grand Jury indicted Petitioner in Case Number CR-270285 on September 24, 1991 for two counts of receiving stolen property in violation of ORC § 2913.51 and one count of fraudulent action concerning a vehicle identification number in violation of ORC § 4545.62.  *Id*. at 12.  Petitioner was indicted by the Cuyahoga County Grand Jury in Case Number CR-270284 on October 10, 1991 for aggravated burglary in violation of ORC §2911.11.  *Id*. at 13.

On November 18, 1991 in Case Number CR-269917, Petitioner, through counsel, entered a guilty plea to an amended charge of aggravated robbery and the trial court sentenced him to a prison term of 5-25 years.  Tr. at 16.  Petitioner also entered guilty pleas in numerous other criminal cases, all which both parties agree did not alter the 5-25 years sentence about which he complains in the instant § 2254 federal habeas corpus petition.  Tr. at 4-38; ECF Dkt. #5 at 2, n. 2; ECF Dkt. #1-2 at 3.

On August 11, 2003, Petitioner was released on parole under the supervision of the Ohio Adult Parole Authority ("OAPA").  ECF Dkt. #1-2 at 24; ECF Dkt. #5-1 at 41.  On July 23, 2004, Petitioner was declared to be a "Parole Violator at Large," and on August 18, 2004, after a hearing, Petitioner's parole was revoked and he was ordered returned to prison.  Tr. at 41; ECF Dkt. #1-2 at 24.  His "lost" time, or time between when he was declared to be a parole violator and when he was returned to custody, was calculated at three days, from July 23, 2004 through July 26, 2004, and therefore three days were added onto to his maximum sentence expiration date of July 22, 2016, making the new maximum release date July 25, 2016.  Tr. at 42; Ohio Rev. Code § 2967.15(C)(1).

Petitioner was again released on parole on June 13, 2005.  ECF Dkt. #1-2 at 24.  His parole was again revoked on December 21, 2005 and no "lost time" was imposed.  Petitioner submits that he was in the Richland County Jail on a charge of being in possession of a weapon while under a disability when a violation hearing was conducted and it was determined that he was a parole violator on December 21, 2005.  ECF Dkt. #1-2 at 7.

Petitioner was released on parole again on May 1, 2006, and on September 13, 2006, he was indicted by a federal grand jury in this District in Case Number 1:06CR444 for being a felon in possession of a firearm.  ECF Dkt. #1-2 at 37; Tr. at 58.  Petitioner indicates that this was based on the  same charge for which he was placed in the Richland County Jail.  ECF Dkt. #1-2 at 7-8.  He submits that he reported to his parole officer in early October of 2006 and was arrested after his parole officer learned of the federal charge and a federal warrant that had been issued for his arrest.  *Id.*

This Court issued a writ of habeas corpus ad prosequendum directing the Sheriff of the Cuyahoga County Jail to deliver Petitioner to the Federal District Court for arraignment on October 10, 2006.  *See* ECF Dkt. #5 in Case Number 1:06CR444.  Petitioner was arraigned in federal court on October 10, 2006 and according to him, he was taken back to the Cuyahoga County Jail.  ECF Dkt. #1-2 at 8.  The parties agree that Petitioner was in federal custody beginning on October 13, 2006 and the OAPA declared Petitioner to be a "PRC Violator in Custody."  ECF Dkt. #1-2 at 8; ECF Dkt. #1-2 at 24; ECF Dkt. #5 at 3.   Petitioner was found guilty after a jury trial on the federal charge, and on November 21, 2007, the District Court sentenced him to 100 months in prison with 3 years of supervised release to follow.  ECF Dkt. #49 at 1 in Case Number 1:06CR444.  In the minutes of the criminal proceeding, the Court committed Petitioner to the custody of the United States Bureau of Prisons ("USBOP") for 100 months and recommended that Petitioner received credit for time served since September 26, 2006.  *Id.* at 64-65.

Special Minutes issued by the OAPA on June 2, 2016 indicated that Petitioner "was currently in custody outside of the state of Ohio."  Tr. at 66.  The Minutes further indicated that the OAPA had considered all of the factors concerning Petitioner's case and concluded that Petitioner's "supervision time is declared to stop running and lost time begins accruing effective October 13, 2006."  *Id.*  The Minutes indicated that the OAPA had declared Petitioner a "Violator at Large" effective October 13, 2006 and he was restored to parole status effective January 29, 2014.  *Id.* at 67.  The bottom of this document indicated that Petitioner's "Old Max Date" was July 25, 2016, his "New Max Date" was November 10, 2023, and he had "Lost Time

-3-

(In Days") of 2,664.  *Id.*

Petitioner notes that January 29, 2014 was the date when he completed his federal sentence and he submits that he was transported to the Cuyahoga County Jail on that date for "Parole Invest."  ECF Dkt. #1-2 at 10.  An Order of Hold dated January 29, 2014 by the OAPA was placed on Petitioner at the Cuyahoga County Jail for a parole violation.  *Id.* at 49-50.  He was held until February 5, 2014 and released after it was determined that he would not be taken to a violation hearing as the behavior had already been addressed.  *Id.* at 34.  Petitioner complied with state parole supervision from February 6, 2014 through April 13, 2014.  *Id.* at 35.

Petitioner relates that on May 12, 2016, he was arrested for a felony drug trafficking charge and held in the Cleveland Jail.  ECF Dkt. #1-2 at 10.  On May 13, 2016, an Order of Hold was placed on Petitioner by the OAPA.  Tr. at 51.  Petitioner's case was bound over to the Cuyahoga County Common Pleas Court and on June 14, 2016, he was indicted by the Cuyahoga County Grand Jury on felony drug trafficking, felony drug possession, and felony criminal tools possession, with forfeiture specifications, and a felony tampering with evidence charge.  Tr. at 68-70.  Petitioner entered a guilty plea to an amended charge of drug possession and the other counts were nolled.  *Id.* at 71.  He was sentenced to 2 years of mandatory prison time on November 17, 2016.  *Id.*  This did not impact his November 10, 2023 release date previously set.

On September 14, 2016, Petitioner, through counsel, filed a petition for a writ of habeas corpus in the Supreme Court of Ohio.  Tr. at 73.  In this petition, Petitioner asserted that the maximum term of his incarceration under the 5-25 year sentence expired on July 30, 2016 and the increase in his sentence to November 10, 2023 based upon the amount of time he served on his federal sentence violated the ex post facto Clause of the United States and Ohio Constitutions and Ohio law.  *Id.* at 73-84.

On February 22, 2017, the Ohio Supreme Court indicated that it had considered Petitioner's habeas corpus petition in a manner prescribed by law and the court dismissed his petition sua sponte.  Tr. at 133.

-4-

Petitioner thereafter presented argument concerning the extension of his maximum sentence expiration date at a Kellogg hearing. Tr. at 137. Petitioner, through counsel, asserted that the extension of his maximum release date was improper under old and current law because he was not deemed a parole violator at the time of his federal sentence. *Id.* The hearing officer rejected this assertion, finding that Petitioner was deemed a parole violator in December 2005 and that designation did not end just because he was released from custody. *Id.*

On March 21, 2018, Petitioner had a parole release consideration hearing and he was found to be continued for incarceration until May 1, 2020. Tr. at 138.

On June 20, 2018, Petitioner, pro se, filed a petition for a writ of habeas corpus in the Supreme Court of Ohio. Tr. at 140. He again asserted that the extension of his maximum sentence from July 30, 2016 to November 10, 2023 was a violation of the ex post facto clauses of the United States and Ohio Constitutions. *Id*. at 140-152.

On October 18, 2018, the Ohio Supreme Court indicated that it had considered Petitioner's habeas corpus petition in a manner prescribed by law and dismissed his petition sua sponte. Tr. at 197

## II.     INSTANT § 2254 FEDERAL HABEAS CORPUS PETITION

On January 16, 2019, Petitioner, through counsel, filed the instant petition pursuant to 28 U.S.C. § 2254 for a writ of federal habeas corpus. ECF Dkt. #1. Petitioner asserts the following sole ground for relief in his petition:

> Ground One: Petitioner's sentence was unlawfully extended by statute in violation of Article 1, Section 10 of the United States Constitution.
>
> (a) Supporting facts:
>
> Petitioner was sentenced in Cuyahoga County Court of Common Pleas, Case No. CR-91-269917-ZA, to a term of incarceration of five (5) to twenty-five (25) years. On November 15, 1991, Petitioner was delivered to State custody. The maximum
> term of Petitioner's 25 year sentence expired on or about July 30, 2016. The Ohio Department of Rehabilitation and Correction lists the expiration of Petitioner's sentence as November 10, 2023. (More details supporting the facts and circumstances are set forth in the attached Memorandum in Support).

ECF Dkt. #1 at 6.

On March 22, 2019, Respondent Dave Marquis, who at that time was the Warden of

Richland Correctional Institution, filed a motion to dismiss Petitioner's § 2254 federal habeas corpus petition as time-barred and noncognizable in federal habeas corpus review.  ECF Dkt. #5. Petitioner, through counsel, filed a response to the motion to dismiss on April 22, 2019, and on May 6, 2019, Respondent filed a reply brief  ECF Dkt. #s 6, 7.

### III.      PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. ECF Dkt. #5.  In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  If a conviction became final before the AEDPA's effective date of April

24, 1996, as is the case here, the Sixth Circuit has permitted a one-year grace period, lasting until April 24, 1997, in which a petitioner must file a federal habeas corpus petition. *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002), cert. denied, 537 U.S. 1091 (2002)).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2).  To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999).  Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling only when a petitioner shows both that he has been pursuing his rights diligently and some extraordinary circumstances prevented his timely filing of the federal habeas corpus petition. *Hall v. Warden, Lebanon Correctl. Inst.* 662 F.3d 745, 749 (6th Cir. 2005), citing *Holland v. Florida,* 560 U.S. 631m 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).  The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000); *Jurado*, 337 F.3d at 642. Whether equitable tolling is appropriate is a case-by-case analysis.  *Id.*  The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*,  346 F.3d at 605.

### IV.    LAW AND ANALYSIS

The undersigned recommends that this Court find that Petitioner has untimely filed his § 2254 federal habeas petition and he fails to demonstrate extraordinary circumstances or actual innocence in order to be entitled to equitable tolling. Therefore, the undersigned recommends that this Court grant Respondent's motion to dismiss the instant federal habeas corpus and dismiss the instant § 2254 federal habeas corpus petition with prejudice.  ECF Dkt. #5.

Petitioner in this case was required to file his federal habeas corpus petition within the one-year grace period, or by April 24, 1997, since his conviction and sentence became final before the effective date of the AEDPA.  Petitioner did not file the instant federal habeas corpus petition until January 16, 2019.  ECF Dkt. #1.

Petitioner concedes that he did not file his § 2254 federal habeas corpus petition within the one-year grace period. ECF Dkt. #6 at 4.  However, he submits that he is able to bring the instant § 2254 federal habeas petition under 28 U.S.C. § 2244(d)(1)(D) because he met his burden of showing due diligence in order for the AEDPA statute of limitations to begin running from the date that he discovered the factual predicate of his claim.  *Id*.  Petitioner contends that the factual predicate of his claim did not arise until on or about May 12, 2018 because this is when his two-year prison sentence expired in Case Number CR-16-606265 and "it was confirmed that Mr. Sims' sentence was unlawfully extended in Case No. CR-91-269917 as he remained incarcerated."  *Id*.  Petitioner asserts that his one-year time to file the instant § 2254 federal habeas corpus petition therefore did not expire until May 12, 2019 because he discovered the factual predicate of his claim on May 12, 2018 and he attempted to pursue earlier remedies in the Ohio Supreme Court upon discovering the extension of his sentence.  *Id*.

The undersigned recommends that the Court reject Petitioner's use of May 12, 2018 as the discovery date for the factual predicate of his ground for relief in this case.  The record indicates that Petitioner challenged the November 10, 2023 sentence extension date in his first petition for a writ of habeas corpus in the Supreme Court of Ohio on September 14, 2016.  ECF Dkt. #5-1 at 77.  Petitioner acknowledges this in the procedural history portion of his § 2254 federal habeas corpus petition.  ECF Dkt. #1 at 4.  The Court can conclude that Petitioner

-8-

apparently discovered that his sentence was being extended sometime prior to the actual filing of this first state writ of habeas corpus. Nevertheless, even accepting the September 14, 2016 filing date as the date that he first discovered the factual predicate of the extension of his sentence, Petitioner still fails to meet the one-year filing deadline for his federal habeas corpus petition. Petitioner would have had to file his § 2254 federal habeas corpus petition on or before February 22, 2018, which is one year after February 22, 2017, when the Ohio Supreme Court dismissed his first state habeas petition. ECF Dkt. #5-1 at 73-133.  Petitioner filed the instant § 2254 federal habeas corpus petition through counsel on January 16, 2019.  ECF Dkt. #1.  The fact that Petitioner filed a second verified petition for a writ of habeas corpus before the Ohio Supreme Court on June 20, 2018 has no tolling impact on the filing of the § 2254 federal habeas corpus petition because the time for filing the § 2254 federal habeas corpus petition had already expired. The tolling provision does not restart the statute of limitations clock; "it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602.  Moreover, Petitioner provides no legal basis for holding that he had to wait until his 2016 sentence on another conviction was completed before he challenged his 1991 sentence.

For these reasons, the undersigned recommends that the Court find that Petitioner has untimely filed his instant § 2254 federal habeas corpus petition.

Moreover, the undersigned recommends that the Court find that Petitioner has failed to establish that he is entitled to equitable tolling of the one-year grace period.  Petitioner states in his response to the motion to dismiss his § 2254 federal habeas corpus petition that he "has been required to face obstruction and roadblock throughout a substantial portion of the justice system and other processes.  There exist far too many to list in this response.  Therefore, Mr. Sims would in response direct attention to his initial habeas petition and the relevant conduct set forth thereunder."  ECF Dkt. #6 at 6.  Petitioner goes on to conclude that, "[e]ven if equitable tolling were to apply, Respondent's utter lack of substantive support to its claim Mr. Sims cannot satisfy its requirements requires, at the bare minimum, a hearing on the issue."  *Id.*  The undersigned recommends that the Court find this is insufficient to warrant equitable tolling because it is

Petitioner who shoulders the burden of establishing his entitlement to equitable tolling and he has failed to satisfy the burden of showing any circumstances that prevented him from filing his § 2254 federal habeas corpus petition.  Moreover, actual innocence is not a claim in Petitioner's § 2254 federal habeas corpus petition.  For these reasons, the undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling.

## V.    CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned recommends that the Court grant Respondent's motion to dismiss Petitioner's instant § 2254 federal habeas corpus petition as untimely filed and not entitled to equitable tolling.  ECF Dkt. #5.  Consequently, the undersigned recommends that the Court dismiss Petitioner's instant § 2254 federal habeas corpus petition in its entirety with prejudice.


Date: November 14, 2019                                  */s/ George J. Limbert*
                                                                        GEORGE J. LIMBERT
                                                                        U.S. MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).